# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RAMON DEL RIO,** | ) NO. EDCV 09-214-TJH (MAN) |
| **Plaintiff,** | ) ORDER ACCEPTING FINDINGS AND |
| v. | ) RECOMMENDATIONS OF UNITED STATES |
| **GOVERNOR SCHWARZENEGGER, et al,** | ) MAGISTRATE JUDGE |
| **Defendants.** | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended Complaint, all the records herein, the Report and Recommendation of United States Magistrate Judge ("Report"), and plaintiff's Objections to the Report. The Court has engaged in a *de novo* review of those matters to which objections have been stated in writing.

Among other things, the Magistrate Judge concluded that plaintiff's state law claims should be dismissed, because plaintiff failed to allege timely compliance with the claims filing provisions of the California Government Claims Act. In his Objections, plaintiff contends that he filed a timely claim with the Victims Compensation and

Government Claims Board ("VCGCB"). Plaintiff has attached to his Objections a copy of a letter from the VCGCB, dated March 20, 2009, regarding his claim. According to this letter, the VCGCB received plaintiff's claim on February 26, 2009, and accepted it to the extent it asserted "allegations that arise from facts or events that occurred during the six months prior to the date it was presented," *i.e.*, since August 26, 2008.

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in objections to a report and recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion to consider the March 20, 2009 VCGCB letter appended to plaintiff's Objections. Having done so, the Court concludes that the letter does not affect the correctness of the Report's conclusion regarding plaintiff's state law claims.

In his Second Amended Complaint, plaintiff asserts that his claims arose during the period September 17, 2002, through October 28, 2008. (Second Amended Complaint at 3.) The events giving rise to plaintiff's claims against the moving defendants, however, occurred during his incarceration at Ironwood State Prison ("Ironwood"). According to the administrative appeals attached to plaintiff's original complaint, on May 15, 2008, plaintiff was no longer at Ironwood and was incarcerated at Centinela State Prison. Thus, plaintiff's state law tort claims necessarily accrued before May 15, 2008, which is more than six months before plaintiff presented a claim to the VCGCB. Accordingly, plaintiff's presentation of his claim to the VCGCB was not timely for

purposes of the claims raised in this lawsuit. *See* California Government Code § 911.2(a).

Having completed its review, the Court accepts the findings and recommendations set forth in the Magistrate Judge's Report. Accordingly, **IT IS ORDERED** as follows:

(1) Defendants' motion to dismiss the Second Amended Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is granted in part and denied in part as follows: (a) defendants' motion to dismiss plaintiff's retaliation and Eighth Amendment claims against defendants Anti and Payton is denied; (b) all claims against defendants Arneson, Sanford, and Arline are dismissed, without leave to amend; and (c) all injunctive relief claims are dismissed, without leave to amend;

(2) All state law claims are dismissed, without leave to amend, pursuant to 28 U.S.C. § 1915(e)(2)(B); and

(3) All claims against defendant Crawford are dismissed, without prejudice, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Plaintiff is granted leave to file, within thirty (30) days, a Third Amended Complaint consistent with this Order. **Plaintiff may not add new claims or defendants without prior leave of court. Fed. R. Civ. P. 15(a).**

1 |      **Plaintiff is explicitly cautioned that failure to timely file a**
 2 | **Third Amended Complaint may result in dismissal of this action for**
 3 | **failure to prosecute and/or for failure to comply with this Court's**
 4 | **orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**
 5 |
 6 |      IT IS SO ORDERED.
 7 |
 8 | DATED: July 27, 2011
 9 |
10 |                                       _____
11 |                                          TERRY J. HATTER, JR.
                                         UNITED STATES DISTRICT JUDGE

4